[Civ. No. 7105.  First Appellate District, Division Two.—December 16, 1929.]

F. C. RHOADES, Plaintiff and Appellant, v. PETRO-LEUM EXPORT CORPORATION (a Corporation), Defendant and Appellant.

Thomas T. Robinson and Thomas A. Sanson for Plaintiff and Appellant.

Black, Hammack & Black and Carey McWilliams for Defendant and Appellant.

BURROUGHS, J., *pro tem.*—The actions were commenced to recover the sum of $6,572.27, alleged to have been earned by the plaintiff's assignor as a commission on the sale of certain petroleum products manufactured by the defendant. The court awarded plaintiff a judgment in the sum of $2,626.50, which was $1920 commission and interest thereon from 1921. Both parties have appealed from the judgment.

Plaintiff's assignor, Zenon C. Malis, and the defendant, by virtue of a letter written by the latter on May 4, 1921, entered into a contract by the terms of which Malis became the agent of the defendant for the sale of its said products in the Levant. The contract quotes fixed prices per case as the sale price of benzine and kerosene, which included a commission to Malis of five per cent; there is a further provision that if Malis sold goods for a greater sum than the price quoted the excess should be divided equally between the parties. There is a further proviso in said contract that "Commissions will be payable immediately after payment has been received for each order, or will be paid to you quarterly or semi-annually as you prefer."

By virtue of this contract Malis sold to one Tavernaris, of Famagusta, merchandise, which was paid for in full, and it is alleged in the complaint there became due thereon a commission of $1920. Thereafter the defendant shipped to Assiha Safar Trad, of Beirut, goods of the value of $51,647.50, upon which there was paid to the defendant the sum of $26,000, and no more, and it is alleged in the complaint there became due thereon a commission of $4,652.27. The facts surrounding the sale to Assiha Safar Trad are as follows: The goods were shipped to Trad, who had been appointed by Malis as his agent for certain designated territory in the Levant, and he paid defendant $26,000 at the time the goods were shipped, and upon the arrival at the point of destination it was claimed by Trad that

the articles were not as represented by the defendant, either in quantity or quality, and that they had been damaged in transit. This claim resulted in a controversy between the parties and a number of investigations were made. One of these was made by the United States consul and resulted in a report adverse to the defendant. There were no further sums paid for these goods. Defendant claims, it developed for the first time at the trial, that Assiha Safar Trad was the agent of Malis and was simply the dummy who received the goods for Malis, and that Malis having acted in bad faith he is not entitled to recover any commissions whatever. It is clear from the record that at least a month before the shipment defendant knew Trad was the agent of Malis; further, from the defendant's letter of October 7, 1921, that upon payment of $26,000 it was defendant's intention to make the shipment to the Bank of Syria upon the payment to the bank of the balance due on each case of merchandise released as the same was sold, but upon the receipt of a cablegram from Malis to the effect that the shipment could not be handled that way the shipment was made and the goods released without any further payment than the initial payment of $26,000, and the balance due was to have been paid when the goods were sold by Assiha Safar Trad. From this statement it is apparent that the contract for commissions was contingent upon a sale, and, so far as the record discloses, there was no sale made and, therefore, plaintiff is not entitled to recover a commission on the so-called Trad sale. In the case of the sale to Travernaris the goods were sold and the money paid to the defendant, and, therefore, entitled plaintiff to the judgment rendered by the court.

The judgment is affirmed, without costs to either party.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 14, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1930.

All the Justices present concurred.